CASE 4—INDICTMENT—DECEMBER 4.

## Commonwealth vs. Kelcher.

APPEAL FROM WARREN EQUITY AND CRIMINAL COURT.

The omission to set out the first or christian name of the defendant will not vitiate the indictment. (*Crim. Code, sec.* 124.)

No defect in an indictment which would not, upon the trial on the merits, deprive the defendant of some substantial right, shall be regarded. (*Crim. Code, sec.* 129.)

Defendant, indicted and summoned by the name of Mrs. Kelcher, appeared and demurred to the indictment because her first or christian name was not stated in the indictment. *Held*—that the indictment is sufficient. But, if the defendant was not the person intended to be indicted, or, if some one else bearing her surname was the person who had committed the offense charged, she might show the facts.

A. J. JAMES, Attorney General, for Commonwealth, cited *Criminal Code*, sec. 124; *Wharton's Amer. Crim. Law*, secs. 239, 240, 242, 245.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

The appellee was indicted by the name of Mrs. Kelcher for keeping a tippling-house ; by that name she was summoned, and, after the service of the summons upon her, she appeared and demurred to the indictment. The demurrer was sustained by the court below, because, as we learn from the bill of exceptions, her first or christian name was not stated in the indictment.

It is quite probable that appellee had a christian name, but there is nothing in the record from which the fact can be ascertained that she had one ; and, having admitted, by her demurrer, that the the facts as stated in the indictment are true, it would follow, as a necessary consequence, that she was correctly described and named therein.

The rule, as laid down in some if not all the elementary works on criminal pleadings, is, that a person charged in an indictment must be described by his first or christian name, as well as his surname ; but that rule is changed in this State by the adoption of the Criminal Code.

*Section* 124, *Criminal Code*, provides, that "an error in the name of a defendant shall not vitiate an indictment, or proceedings thereon, and if his true name is discovered at any time before execution, an entry shall be made on the minutes of the court of his true name, referring to the fact of his having been indicted by the name mentioned in the indictment ;" and then proceeds to direct how the subsequent proceedings shall progress.

If the erroneous statement of the whole name of the defendant would not vitiate an indictment, certainly the omission to set out the christian name of a defendant would not, and the objection to the indictment on that account must be regarded as unavailing.

By *section* 129 *Criminal Code*, it is provided, that "no indictment is insufficient, nor can the trial, judgment, or other proceeding thereon, be affected by any defect which does not tend to the prejudice of the substantial rights of the defendant on the merits." By which we understand that no defect in an indictment which would not, upon the trial on the merits, deprive the defendant of some substantial right shall be regarded.

Now, if the appellee was not the person intended to be indicted, or if some one else bearing her surname was the person who had committed the offense charged, the omission of the christian name in the indictment would not deprive her of the privilege of showing the facts, nor could she thereby be deprived of any substantial rights upon the merits.

As no other objection is perceived to the indictment, the demurrer was improperly sustained. Wherefore, the judgment is *reversed*, and the cause remanded with directions to overrule the demurrer, and for further proceedings consistent with this opinion.